```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

DEMARCO LADRELL MARQUIZ                              PETITIONER
WOODARD

VS.                          CIVIL ACTION NO. 3:23-CV-3085-TSL-RPM

SHERIFF BILLIE SOLLIE, ET. AL                        RESPONDENTS

ORDER

    This cause is before the court on the January 25, 2025 report and recommendation of United States Magistrate Judge Robert M. Myers. Woodard has filed objections to which respondents have filed a response in opposition. The court, having fully considered the report and recommendation,[1] the parties' submissions, and the applicable law, finds that Woodard's objections should be overruled and the report and recommendation should be adopted as the opinion of this court.

    By his first amended petition, Woodard asserted that his Sixth Amendment right to a speedy trial had been violated by the State's failure to timely try him on statutory rape charges. For this alleged violation, he sought only dismissal of the charges

---

1   The court has applied a clearly erroneous or contrary to law standard of review to the potions of the report and recommendation to which petitioner has made no objection and a de novo standard of review to the portions of the report and recommendation to which a specific objection is made. See 28 U.S.C. § 636(b)(1).

1

and immediate release from state custody.  Respondents moved to dismiss, arguing that the relief sought was not cognizable absent a showing of special circumstances, which petitioner could not demonstrate.  See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 (1973) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.").  Petitioner failed to timely respond to the motion.[2]

By the report and recommendation, the magistrate judge recommended that respondents' motion to dismiss be granted and the petition be dismissed with prejudice based on petitioner's failure to identify any special circumstances to justify the court's intervention in the ongoing state criminal proceeding.  He recommended, alternatively, that the petition be dismissed without prejudice based on petitioner's failure to exhaust.  In so doing, he acknowledged petitioner's numerous pro se motions filed in the

---

[2]   Respondents filed the motion to dismiss on April 11, 2024, making petitioner's response due on April 25, 2024.  While he failed to file a response before the report and recommendation was entered, a week after it was filed and mailed to petitioner, the court received "petitioners [sic] response in opposition to respondents' supplement to motion to dismiss."  The court will construe the filing as an additional objection to the report and recommendation.

2

trial court but observed that petitioner had not presented his claims to the Mississippi Supreme Court.  The report and recommendation further recommended that petitioner's two unauthorized amended petitions be stricken on respondents' motion and that petitioner's "Motion for Writ of Habeas Corpus Request for Judicial Notice" be denied.[3]

By his objections, petitioner first challenges the magistrate judge's finding that he failed to demonstrate "special circumstances."  He now maintains for the first time that he can show "special circumstances" because the statutory rape case was brought in "bad faith."  See Gates v. Strain, 885 F.3d 874, 880 (5th Cir. 2018) (setting forth, inter alia, special circumstances under which petitioner can litigate constitutional defenses prematurely in federal court).  However, the allegations offered in support of this conclusion are merely a recapitulation of the allegations offered to support his putative speedy trial claim.  And, the Fifth Circuit has explained that "the [S]ixth [A]mendment right to a speedy trial is [not] a per se 'special circumstance.'"

---

[3]  Petitioner has not objected to the magistrate judge's order striking his amended petitions.  In light of petitioner's failure to exhaust, see infra at pp. 4-5, petitioner would not be not prejudiced by any error in disallowing amendment.

3

Dickerson v. State of La., 816 F.2d 220, 227 (5th Cir. 1987). Accordingly, this objection will be overruled.

He also now maintains that "he is only seeking to enforce the State's obligation to bring him to trial," a speedy trial claim that may be cognizable under § 2241 if a petitioner has exhausted. See Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976) (§ 2241 petitioner's claim that "he presently is being denied [a speedy] trial and is entitled to force the state to proceed or dismiss" is "cognizable under Braden, but the exhaustion hurdles must still be overcome."). While respondents are correct that petitioner's objections do not purport to challenge the magistrate judge's conclusion that petitioner has not exhausted, petitioner's belated response in opposition to the motion to dismiss does. By this filing, petitioner purports to inform the court of his efforts to exhaust, maintaining that he has not only filed new motions to dismiss in the trial court but has also filed two actions in the Mississippi Supreme Court. The court has reviewed petitioner's submissions offered and concludes that they do not show that he has exhausted.

"The exhaustion doctrine requires a habeas petitioner to present his claims to the state's highest court in a procedural posture in which the claims ordinarily will be considered on their

4

merits." Saucier v. Warden, 47 F.3d 426 (5th Cir. 1995) (citing Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1982)). Here, petitioner claims he has now filed two cases in the Mississippi Supreme Court raising the speedy trial issue. Even leaving aside the question of whether the cases are procedurally proper, the limited documentation he has provided does not indicate that he raised the speedy trial issue in either case, much less fairly presented it for the court's consideration.[4] As any putative speedy trial claims remain unexhausted, this objection will be overruled.

Based on the foregoing, it is ordered that petitioner's objections are overruled and the January 31, 2025 report and recommendation is adopted as the opinion of the court. It follows that respondents' motion to dismiss is granted, as is their motion to strike, and that petitioner's "Motion for Writ of Habeas Corpus Request for Judicial Notice" is denied. The petition is dismissed

---

[4] Petitioner has provided only a two-page print out of the docket and two one-page orders in No. 2024-M-1209 and a one-page order for No. 2024-M-1278. The orders in No. 2024-M-1209 reflect dismissal of an application for post-conviction relief arising from the entry of a guilty plea, while the order in No. 2024-M-1278 denies a petition for writ of habeas corpus and leave to appeal to the Fifth Circuit. There is no indication of the specific issue(s) presented to the court in either case.

with prejudice as to the claim for immediate release. Alternatively, it is dismissed without prejudice for failure to exhaust.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 14th day of March, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE